UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EDWARD BENAVIDEZ, PEQUITTI MONTELONGO,<br><br> Plaintiffs,<br><br> v.<br><br>ROCHESTER CITY OF, JAMES REASON, MATT MCINTIRE, MATTHEW HIPSHER, BEN WOOD,<br><br> Defendants. | Case No. 3:21-CV-522 JD |

## OPINION AND ORDER

Edward Benavidez and Pequitti Montelongo ("the Plaintiffs") brought suit under 42 U.S.C. § 1983 and Indiana state law against the City of Rochester, Indiana ("the City") and four Rochester police officers (collectively "the Defendants") for alleged excessive use of force by those officers in arresting the Plaintiffs. The Defendants have brought a motion to dismiss two counts of the complaint, and portions of a third count as it relates to specific officers under Federal Rule of Civil Procedure 12(b)(6). The motion will be granted.

The Plaintiffs' complaint contains four counts. The first is for an Indiana state law intentional infliction of emotional distress ("IIED") claim against the City based on the conduct of the City's officers. The second count is an Indiana battery claim against the City which is not a subject of this motion. The third count is a Fourth Amendment excessive force claim against the four officers. The fourth count is an excessive force claim against the officers which Plaintiffs allege is based on the Fourteenth Amendment's due process and equal protection clauses.

The Defendants' motion argues Count 1 should be dismissed as the City of Rochester is entitled to immunity from IIED claims arising from arrests by its police officers under the Indiana Tort Claims Act ("ITCA"). The Defendants argue Count 3 should be dismissed in part. Specifically, that Mr. Benavidez's claims against Officer Hipsher and Officer Reason, and Ms. Montelongo's claims against Officers Wood and McIntire should be dismissed as they respectively fail to allege personal involvement of these officers. The Defendants argue Count 4 should be dismissed for failing to state a claim because the proper standard for an excessive force claim is the Fourth Amendment, not the Fourteenth Amendment and the Plaintiffs do not articulate an equal protection claim.

The Plaintiffs' response to the motion indicates they "voluntary relinquish" their claims in Count 4 and the disputed portion of Count 3 (DE 14 at 3-4). The Defendants argue this response constitutes agreement to a dismissal of these claims. The Court agrees and will accordingly grant the motion to dismiss Count 4, and the portions of Count 3 which contain Mr. Benavidez's claims against Officer Hipsher and Officer Reason, and Ms. Montelongo's claims against Officers Wood and McIntire. This order does not affect the portions of Count 3 which contain Mr. Benavidez's claims against Officers Wood and McIntire or Ms. Montelongo's claims against Officers Hipsher and Reason.

The Plaintiffs indicate they do not relinquish their claims in Count 1, but otherwise provide no argument responding to the Defendants' motion (DE 14 at 3-4). The Court agrees with the Defendants' argument that this claim is barred by the ITCA as it is undisputed the officers were acting in the scope of their employment while effecting the arrest. Ind. Code § 34-13-3-3(8); *Serino v. Hensley*, 735 F.3d 588, 595–96 (7th Cir. 2013) (finding that Indiana courts have interpreted the law enforcement immunity provision of the ITCA to cover police officers

who engage in allegedly egregious conduct while undertaking an arrest (citing to *City of Anderson v. Weatherford*, 714 N.E.2d 181, 185–86 (Ind. Ct. App. 1999)). Accordingly, the motion to dismiss Count 1 will be granted.

In conclusion, the Court GRANTS the Defendants' motion to dismiss (DE 9) in its entirety.

SO ORDERED.

ENTERED: January 27, 2022

/s/ JON E. DEGUILIO
Chief Judge
United States District Court